[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

———————————————

No. 01-1938

UNITED STATES,
Appellee,

v.

RIGOBERTO VALDÉS, A/K/A "RIGO,"
Defendant, Appellant.

———————————————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

———————————————

Before

Torruella, Lynch and Lipez, Circuit Judges.

———————————————

Elizabeth A. Howe on brief for appellant.

Thomas F. Klumper, Assistant United States Attorney, Guillermo Gil, United States Attorney, and Jorge E. Vega-Pacheco, Assistant United States Attorney, on brief for appellee.

———————————————

June 19, 2002

———————————————

**Per curiam**.  In 1995, Rigoberto Valdés was convicted after a guilty plea of a drug crime.  By petition under 28 U.S.C. § 2255 (2000), brought on August 4, 1999, Valdés had his right to appeal reinstated because the district court found that Valdés's second trial counsel failed to file a timely appeal despite Valdés's instructions to do so.  Valdés now takes that appeal and uses it to argue that his first trial counsel, who represented him during the early stages of plea negotiations, provided constitutionally defective legal representation.  See Strickland v. Washington, 466 U.S. 668 (1984).

Valdés claims that his first trial counsel was ineffective because that counsel did not tell him of an earlier, more beneficial offer of a shorter sentence that the government allegedly made during the plea bargaining.  Valdés says he became aware of this earlier plea offer on the day he accepted the less favorable plea, April 4, 1995.  The first time he raised this as a legal issue was almost six years later, at the March 2001 evidentiary hearing on his pro se § 2255 petition, when he made a pro se motion to amend his § 2255 petition to add the ineffective assistance claim based on his first counsel's performance.  This pro se motion to amend was brought nineteen months after the initial petition.  The magistrate judge outlined the factual allegations of Valdés's new claim in his report and recommendation, but said that "[t]he matter was not considered" in his report.  Instead, he recommended that Valdés be resentenced to reinstate his right to direct appeal.

At resentencing, Valdés's counsel submitted a motion presenting grounds for a lesser sentence, including the allegation that Valdés's first counsel had not communicated the initial government offer. At the hearing, counsel attempted to raise the issue, but was cut short by the district judge, who stated "that is an issue for appeal, if you think. I think the Magistrate touched on it a little bit but that would be an issue on appeal." Based on this colloquy and the magistrate judge's report, it is not clear whether the district court ever denied Valdés's motion to amend his § 2255 petition to include the ineffective assistance claim, or whether it merely deferred disposition of the motion.

We typically require that an ineffective assistance claim be presented first to the district court in a collateral proceeding, not on direct appeal, so that the pertinent facts may be developed and found by the district court. United States v. Ramirez-Benitez, No. 00-1497, 2002 WL 1079361, *7 (1st Cir. June 4, 2002). Both parties urge that we nonetheless consider the ineffective assistance claim because, in their view, the facts are simple. The parties are wrong because, whether the facts are simple or complex, they are disputed, and that dispute needs to be resolved by the district court in a collateral proceeding, if at all. The government, for its part, has quite improperly submitted an affidavit, which was never presented to the trial court, directly to this court. This court, as the government should know, is not the initial trier of fact, particularly when the facts are disputed. Benham v. Lenox Sav. Bank, No. 01-2101, 2002 WL 1080718,

*2 (1st Cir. June 4, 2002). Valdés has also asked us to remand the direct appeal to the district court for further fact-finding, but that is not the correct procedural mechanism for an ineffective assistance claim that was not raised in his initial petition.

We dismiss the direct appeal as premature on the merits of the ineffective assistance claim, subject to one limitation. Based on the colloquy between the district judge and Valdés's attorney at the sentencing hearing, we construe Valdés's appeal to include an appeal of the district court's denial or deferral of his motion to amend the § 2255 petition. Because the factual record is insufficiently developed for us to consider the merits of the ineffective assistance claim on direct appeal, we remand the case for a determination on whether to allow Valdés's motion to amend his § 2255 claim. Cf. Rodriguez v. United States, 286 F.3d 972, 980-81 (7th Cir. 2002) (motion to amend habeas petition is untimely unless it is filed within one year statute of limitations, or relates back to the original filing). If the district court allows the motion to amend, it should determine the merits of Valdés's ineffective assistance claim under § 2255. That merits order would be subject to appeal, as would be an order denying the motion to amend.

So ordered.